******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MARTIN V.* *v.* COMMISSIONER
OF CORRECTION
(AC 34425)

Alvord, Keller and Bishop, Js.

*Argued January 6—officially released March 25, 2014*

(Appeal from Superior Court, judicial district of
Tolland, T. Santos, J.)

*Robert J. McKay*, assigned counsel, for the appellant (petitioner).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney,
with whom, on the brief, were *Gail P. Hardy*, state's
attorney, and *Marcia Pillsbury*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. In this appeal from the habeas court's judgment denying his amended petition for a writ of habeas corpus, the petitioner, Martin V., claims that the court's judgment was erroneous. We affirm the judgment of the habeas court.

In the underlying criminal prosecution, the petitioner was convicted, after jury trial, of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), one count of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1), and three counts of risk of injury to a child in violation of General Statutes § 53-21 (a) (2). The petitioner was sentenced to a total effective term of sixty years imprisonment, execution suspended after thirty-eight years, followed by twenty years of probation. On direct appeal to this court, the petitioner's conviction was affirmed. See *State* v. *Martin V.*, 102 Conn. App. 381, 926 A.2d 49, cert. denied, 284 Conn. 911, 931 A.2d 933 (2007).

In an amended petition dated April 8, 2010, the petitioner alleged that Attorney Norman Pattis, his trial counsel, was ineffective for failing to conduct an adequate pretrial investigation and for a variety of alleged missteps during trial. The petitioner alleged, as well, that Attorney John Williams, his pretrial counsel, was ineffective for failing to conduct an adequate pretrial investigation, and for failing to adequately explain and respond to the state's pretrial plea bargain offer. Finally, the petitioner alleged that he was deprived of his right to testify at trial in violation of his due process rights.[1]

At trial, the jury heard evidence from the victims that they are the petitioner's children and that, during the relevant time periods, they lived in the same household as the petitioner and other extended family members. The victims testified that the petitioner sexually assaulted them over the course of several years.

In the underlying criminal proceeding, the petitioner was initially represented by Attorney Richard Montanez. In April, 2004, after Montanez had been criminally charged in an unrelated case, Williams appeared for the petitioner. Williams continued to represent the petitioner throughout pretrial proceedings and up to the eve of trial when Pattis took over his representation.

The decisional law governing our review of a habeas petition premised on a claim of ineffective assistance of counsel is well established. In order to prevail on such a claim, a petitioner must prove that his counsel's performance was ineffective, that is, below an objective standard for reasonableness. *Smith* v. *Commissioner of Correction*, 148 Conn. App. 524,     A.3d     (2014). The petitioner must also prove that he or she was prejudiced by counsel's deficient performance, that is, a petitioner must prove that as a consequence of trial

counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. *Strickland* v. *Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 424–25, 589 A.2d 1214 (1991). Finally, in regard to the law that guides our review, because a successful petitioner must prove both that counsel was ineffective and that the petitioner thereby suffered prejudice, a reviewing court need not opine on both prongs if the court is satisfied that the petitioner has not proven one of them. See, e.g., *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 835–36, 950 A.2d 1220 (2008) (when petitioner fails to satisfy prejudice prong, there is no need to evaluate claim under performance prong). Such is the situation that this appeal presents.

As to Williams, the petitioner claims that he failed to conduct an adequate pretrial investigation and also that he failed to adequately handle pretrial plea negotiations. In support of his first claim, the petitioner alleges that Williams failed to interview family members who lived in the same household where the petitioner and the victims dwelt, failed to review records of the Department of Children and Families (department) regarding statements made by the victims to a forensic interviewer, failed to translate and utilize a letter from one of the victims to the petitioner that the petitioner believes contained exculpatory information, and failed to consult with an expert regarding the forensic interviews of the victims conducted before trial and the cross-examination of the victims at trial.

As to Williams' representation regarding pretrial negotiations, the petitioner claims that Williams failed to adequately convey the state's plea offer and to explain its ramifications to him. Although Williams denied many of these allegations at the habeas trial and provided explanations contrary to the thrust of the petitioner's claims, we need not dwell on the petitioner's ineffectiveness claims regarding Williams because they fail for want of prejudice. As to claims regarding pretrial offers by the state, the record discloses that, at one juncture before trial, the state had offered a plea that, if accepted by the petitioner, would have resulted in a lesser sentence than he received after trial. The habeas court found, however, with reason, that the petitioner had made it clear to Williams before trial that he would not plead to any conduct suggestive that he sexually assaulted the victims. In short, the court was satisfied from the credible evidence that the petitioner did not prove that he would have accepted the state's pretrial plea offer because he was unwilling voluntarily to accept any period of incarceration. The record amply supports the court's conclusions in this regard.

We conclude, similarly, as to the petitioner's various

claims regarding Williams' representation of the petitioner before trial, that the court correctly determined that the petitioner failed to demonstrate that he was prejudiced by any of Williams' alleged deficient performance. On the basis of its assessment of the credibility and interest of the family members who testified at the habeas trial, the court concluded that their testimony, if it had been solicited and offered in the underlying trial, would not have been helpful to the petitioner. The habeas court found, as well, that the petitioner failed to demonstrate in what manner any further investigation by Williams or a review of the victims' department records would have been helpful to the petitioner in the underlying criminal proceedings. Finally, as to Williams, the court found that the letter written by one of the victims to the petitioner was not exculpatory as claimed by the petitioner.

Similarly, the habeas court found that the petitioner had failed to demonstrate that he was prejudiced by the manner in which Pattis represented him. As noted, the petitioner claimed that Pattis failed to conduct an adequate pretrial investigation and that he was ineffective, in myriad ways, at trial. Specifically, the petitioner claimed that Pattis failed to review the victims' statements to the forensic interviewer and to utilize them in his defense, failed to adequately cross-examine the victims, failed to interview witnesses and to impeach their testimony, failed to translate and utilize a letter from one of the victims to the petitioner, failed to consult and present the testimony of a medical expert, failed to present an affirmative defense, and failed to adequately advise the petitioner regarding his right to testify at trial in order to ensure that he made a knowing and voluntary decision not to do so.

The habeas court rejected each of these claims regarding Pattis. As to Pattis' alleged failure to interview and call to testify family members who lived in the same household as the petitioner and the victims, the habeas court concluded, from their habeas testimony, that their participation in the criminal trial would not have assisted the petitioner because they lacked credibility, they were not disinterested, and their testimony did not provide an alibi for the petitioner. In short, the court determined that calling these witnesses would not have been helpful to the petitioner's defense. As to Pattis' treatment of the victims' department records, the victims' cross-examinations and their pretrial interviews, the court concluded, with support from the record, that Pattis' decisions regarding how to deal with the victims as witnesses were reasoned and informed. Nothing in the record suggests that the court's conclusion in this regard was faulty. Additionally, as to Pattis, the habeas court found that the petitioner failed to introduce any credible or persuasive evidence that consultation by Pattis with any expert would have been useful in his treatment of the victims as witnesses and

accusers. Finally, as to the petitioner's right to testify, the court noted the testimony of Pattis that he fully discussed this with the petitioner and recommended that the petitioner not testify because he thought that the petitioner's testimony at trial, subject to cross-examination, would likely be detrimental to the defense. The court determined that the petitioner was fully aware of his right to testify and that he voluntarily and knowingly waived that right following the court's canvass. The record amply supports the habeas court's conclusions as to each of these claims.

   The judgment is affirmed.

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the petitioner's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] In response to the petitioner's due process claim, the respondent, the Commissioner of Correction, raised procedural default as to the allegations directed at the trial court. An allegation of trial court error is subject to procedural default unless cause and prejudice are both alleged and shown. *Moody* v. *Commissioner of Correction*, 127 Conn. App. 293, 299, 14 A.3d 408 ("[T]he existence of cause for a procedural default must ordinarily turn on whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the [s]tate's procedural rule. . . . A court will not reach the merits of the habeas claim when the petitioner fails to make the required showing." [Internal quotation marks omitted.]), cert. denied, 300 Conn. 943, 17 A.3d 478 (2011). In addressing the petitioner's due process claim, the habeas court determined that the petitioner failed to allege and prove the required cause and prejudice. The habeas court also found that, after reviewing the trial court's canvass of the petitioner at trial, the petitioner was well aware of his right to testify. Therefore, the habeas court determined that any allegation of trial court error, even if not procedurally defaulted, was without merit. Nonetheless, the habeas court's determination as to this claim has not been challenged by the petitioner on appeal.

---